STATE OF VERMONT

ENVIRONMENTAL COURT

|                        | } |                        |
|------------------------|---|------------------------|
| In re: Appeal of       | } |                        |
|  Clark W. Hinsdale, III | } | Docket No. 62-3-00 Vtec |
|                        | } |                        |
|                        | } |                        |

DECISION and ORDER

Appellant Clark W. Hinsdale, III, appealed from a decision of the Planning Commission of the Town of Ferrisburgh, denying approval for a boundary adjustment. Appellant has appeared and represents himself. Despite notice to the Town and to other potentially interested parties by Appellant and by the Court's August 30, 2000 entry order, neither the town nor any other party has appeared[1] in this appeal. Appellant moved for summary judgment.

Appellant owns approximately 79.13 contiguous acres of land on both sides of Lewis Creek, of which approximately 34.5 acres lies to the north of Lewis Creek and the remainder to the south. Of this property, 63.4 acres on both sides of Lewis Creek is subject to an open space agreement with the Town; 2.6 acres to the north of Lewis Creek is unrestricted by that agreement; 10.3 acres to the south of Lewis Creek is unrestricted by that agreement, and 2.83 acres at the end of Lewis Creek Drive is subject to an unrelated restriction. Appellant has also written to the tax authorities of the Town, requesting that the town treat his contiguous land as a single parcel for tax purposes. That request is beyond the jurisdiction of this Court; it does appear for the purposes of this Court's decision on the boundary adjustment that the entire parcel of Hinsdale land as described is a single parcel for the purposes of the current appeal.

Abutting the Hinsdale land to the north is land owned by Marjorie Pickett; a portion

---

[1] The Court has not considered the statement sent by Mr. Carl Reidel, a neighboring landowner, as he did not enter an appearance as an interested party.

1

of the Pickett land fronting on U.S. Route 7 contains a preexisting operating salvage yard. The Hinsdale land formerly was benefitted by a twenty-foot-wide right-of-way to Route 7 over the Pickett land. The proposed boundary adjustment would add 19.05 acres of the Pickett land, without any Route 7 frontage, to Appellant's land, leaving the Picketts with a ten-acre parcel containing the salvage yard, and would enlarge the right-of-way in favor of the Hinsdale land over the remaining 10-acre Pickett parcel to sixty feet in width. The subdivision of the Pickett parcel was classified as a minor one-lot subdivision in the November 17, 1999 Planning Commission hearing; that classification is not at issue in this case.

The lots to result from the boundary adjustment would meet all requirements of the Subdivision Regulations. The remaining 10-acre Pickett lot lies in a Rural Agricultural (RA-5) district in which the minimum lot size is 5 acres. The resulting 98-acre Hinsdale lot lies partly in that district and partly in the Conservation district in which the minimum lot size is 25 acres. Each resulting lot contains an area of at least 400' x 500' as required in the RA-5 district . The remaining 10-acre Pickett lot would retain all the frontage formerly held by the Pickett property. The resulting Hinsdale property would retain all the frontage formerly held by Hinsdale. The right-of-way serving the Hinsdale property was formerly non-conforming in width and would become conforming.

The ZBA appears to have denied on the basis that its preference was to keep the land affected by the open space agreement separate from the land not affected by the open space agreement. There is no basis in the Subdivision Regulations for denial for that reason, as the lots created by the subdivision meet the standards in the Subdivision Regulations. Further, any later division of the Hinsdale land would require a subsequent subdivision permit, in which proceedings the Planning Commission would have the opportunity to consider the effect of that subdivision on the land affected by the open space agreement.

The Planning Commission applied a standard that Appellant "has not made a compelling case" for the boundary adjustment. The Court also could not find any basis in the Subdivision Regulations for such a standard to be applied. The Court finds no basis in the Subdivision Regulations for disapproval.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Judgment is GRANTED in favor of Appellant. Appellant's application for a boundary adjustment, as shown on the schematic diagram prepared by Harold N. Marsh and dated October 29, 1999 submitted to the Planning Commission and to this Court, is hereby APPROVED. Appellant may record a copy of this order together with filing the approved subdivision plat as provided in §270.

Dated at Barre, Vermont, this 28th day of September, 2000.

_____
Merideth Wright
Environmental Judge

3